| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br><br>Court Address: 100 Jefferson County Parkway<br>Golden, Colorado 80401<br><br>**Plaintiff: STEVEN PRENTISS**<br><br>v.<br><br>**Defendants: DILLON COMPANIES, LLC; THE KROGER CO.**<br><br>Plaintiff's Attorney:<br>Name:  Charles G. Crichton, #38557<br>        Stephen C. Kaufman, #10564<br>        Kidneigh & Kaufman, P.C.<br>Address: 730 17th Street<br>         Suite 635<br>         Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number:   (303) 393-0132<br>E-mail: skaufman@kandkpc.com<br>        ccrichton@kandkpc.com | DATE FILED: November 28, 2022 2:49 PM<br>FILING ID: 2186B041D6A86<br>CASE NUMBER: 2022CV31366<br><br>▲ COURT USE ONLY ▲<br><br>Case Number: 2022CV<br><br>Div.:           Ctrm: |
| **COMPLAINT** ||

**COMES NOW** the Plaintiff, by and through her attorneys, KIDNEIGH & KAUFMAN, P.C., and as claims against the Defendants, and each of them, states, alleges, and avers as follows:

### CLAIM FOR RELIEF

1. Plaintiff Steven Prentiss is a resident of the State of Colorado, residing at 8240 S. Marshall Court, Littleton, Colorado 80128 and he has resided therein at all times necessary to this action.

2. At all times necessary to this action, Defendant Dillon Companies, LLC was and is a Kansas limited liability company doing business in the State of Colorado, with its offices and principal place of business being located at 1014 Vine Street, Cincinnati, Ohio 45202.

3. At all times necessary to this action, Defendant The Kroger Co. was and is an Ohio

**EXHIBIT A**

corporation doing business in the State of Colorado, with its offices and principal place of business being located at 1014 Vine Street, Cincinnati, Ohio 45202.

4. At all times necessary to this action the Defendants, and/or each of them, were the owners, operators, and property managers of the King Soopers grocery store located at 8126 South Wadsworth Boulevard, Littleton, Colorado 80126 (hereinafter "the said grocery store"), and the real property upon which the said grocery store was situated.

5. At all times necessary to this action unknown persons were employees or agents of the Defendants, and/or each of them, and said unknown persons were acting within the course and scope of their employment or agency with Defendants, and/or each of them, and with the authority of the Defendants, and/or each of them, such that the Defendants, and/or each of them, are liable for the acts and omissions of said unknown employees or agents, as described below, based on the doctrine of *respondeat superior* or pursuant to general agency law, or because they had a non-delegable duty pursuant to C.R.S. 13-21-115.

6. At all times necessary to this action the Defendants were joint venturers and/or acted in concert with respect to their responsibilities to each operate, keep up, maintain, keep in good repair, inspect, and manage the said grocery store, which included, but was not limited to: (a) with respect to the aisles, floors, and walkways at the said grocery store, keeping them reasonably clear of water, liquids, and other substances, inspected, in good condition and repair, well maintained, free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions, or arranging for others to do the same; and (b) with respect to the coolers and freezers at the said grocery store, keeping them from leaking, inspected, in good condition and repair, well maintained, free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions, or arranging for others to do the same. Accordingly, each of the Defendants is liable for the acts and omissions of each of the other Defendants pursuant to general joint venture law and C.R.S. 13-21-111.5.

7. At all times necessary to the within action Defendants, and each of them, were responsible for the operation, upkeep, and maintenance of the said grocery store, which included, but was not limited to, that which was described in the preceding paragraph of this Complaint.

8. On information and belief oral and written contracts may have existed and been in effect at all times necessary to this action between the Defendants and each of them, or with the Defendants and other parties requiring the Defendants, and each of them, or other parties to, among other things: (a) with respect to the aisles, floors, and walkways at the said grocery store, keep them reasonably clear of water, liquids, and other substances, inspected, in good condition and repair, well maintained, free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions, or arranging for others to do the same; and (b) with respect to the coolers and freezers at the said grocery store, keep them from leaking, inspected, in good condition and repair, well

maintained, free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions, or arranging for others to do the same.

9. On or about August 3, 2021, at approximately 10:00 p.m., while Plaintiff Prentiss was shopping in the said grocery store and walking in the produce section of the said grocery store, he slipped on water or another liquid that was coming from a leaking cooler or freezer that was some distance away and fell to the floor. The cooler or freezer had been leaking since at least the day before and there was nothing in the area where he slipped and fell to warn him of the water or other liquid on the floor, nor was the area where he slipped and fell cordoned off and nothing had been done by anyone to lessen the risk of someone falling in that area due to the water or other liquid on the floor.

10. The said incident involving Plaintiff Steven Prentiss occurred as a direct and proximate result of the breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendants, and each of them, or of their employees, agents, or joint venturers, for which they are vicariously liable, or because they had a non-delegable duty or acted in concert pursuant to C.R.S. 13-21-115. The breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendants, and each of them, or their employees, agents, and joint venturers, or others for which they are vicariously liable, consisted of, but was not limited to, the following: allowing the said cooler or freezer to remain in operation while it was leaking; failing to repair the said cooler or freezer in a timely manner; failing to keep the said cooler or freezer well maintained and in good repair; failing to clean up the water or other liquid that was on the floor; failure to warn of the water or other liquid on the floor in the area where the Plaintiff slipped and fail; failure to warn of the water or other liquid on the floor so that a reasonably observant person would see the warning and understand that the warning applied to the area where the Plaintiff slipped and fell; failing to cordon off the area where the Plaintiff slipped and fell; failing to keep water or other liquids off the floor in the area where the Plaintiff slipped and fell; failing to have a system in place to address a leaking cooler or freezer and for keeping water or other liquids from leaking or continuing to leak onto the floor; failing to have a system in place for the inspection of the floors at the said grocery store to detect water and other liquids on the floor and for the cleaning up of any water or other liquids found to be present on inspection; failing to have a system in place to warn or water or other liquids on the floor, or to cordon off areas where water or other liquids are on the floor; allowing a hazardous condition to exist at the said grocery store when the Defendants knew or should have known about it; failing to warn of the hazardous and dangerous condition; unreasonably failing to exercise reasonable care to protect against dangers of which the Defendants actually knew or should have known; and failing to adequately supervise the operation, upkeep, management, and maintenance at the said grocery store so as to allow for all of the foregoing.

11. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendants, and each of them, or for which they are vicariously liable, and further, as a direct and proximate result of the aforedescribed fall, the

Plaintiff Steven Prentiss sustained grave and permanent bodily and psychological injuries, including, but not limited to, injuries to his left leg, left knee, left anke, left foot, and neck, and emotional difficulties characterized by depression, anger, anxiety and frustration. The injuries so sustained have necessitated extensive medical care and treatment, including surgery, and have resulted in physical limitation and disfigurement.

12. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendants, and each of them, or for which they are vicariously liable, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff Steven Prentiss has incurred in the past and will incur in the future, medical, rehabilitation, and physiotherapy expenses related thereto; has suffered in the past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future, a loss of time, a loss of income, a diminishment of earning capacity, travel expenses, a loss of enjoyment of life, impairment to the quality of life, inconvenience, impairment, disfigurement, and disability, as well as other economic and non-economic damages, all to his compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Steven Prentiss herein prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A. For judgment in favor of Plaintiff Steven Prentiss in an amount to be determined at trial as and for compensatory damages;

B. For judgment in favor of Plaintiff Steven Prentiss awarding pre and post judgment interest as provided by law, costs, expert witness fees, attorneys' fees, expenses, and such other relief as the court may deem proper in the premises.

Respectfully submitted,

*Filed via Colorado Courts E-Filing*
*A duly signed original on file with the*
*office of Kidneigh & Kaufman, P.C.*

 */s/ Stephen C. Kaufman*
STEPHEN C. KAUFMAN #10564
CHARLES G. CRICHTON #38557

Plaintiff's Address:
8240 S. Marshall Court
Littleton, Colorado 80128